Slip Op. 17-171

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SOLARWORLD AMERICAS, INC. <br><br> Plaintiff, <br><br> SINO-AMERICAN SILICON PRODUCTS INC. and SOLARTECH ENERGY CORP., <br><br> Plaintiff-Intervenors, <br><br> v. <br><br> UNITED STATES, <br><br> Defendant, <br><br> and <br><br> KYOCERA SOLAR, INC. and KYOCERA MEXICANA S.A. DE C.V., <br><br> Defendant-Intervenors. | Before: Jennifer Choe-Groves, Judge <br><br> Consol. Court No. 17-00208 |

## MEMORANDUM AND ORDER

[Defendant-Intervenors' motion to modify preliminary injunction is denied.]

Dated: December 21, 2017

Timothy C. Brightbill, Wiley Rein, LLP, of Washington, D.C., for Plaintiff. With him on brief was Usha Neelakantan, Wiley Rein, LLP, of Washington, D.C.

Jarrod Mark Goldfeder, Trade Pacific, PLLC, of Washington, D.C., for Consolidated Plaintiffs.

Joshua Ethan Kurland, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant. Of counsel was Reza Karamloo, Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

J. Kevin Horgan, deKieffer & Horgan, PLLC, of Washington, D.C., for Defendant-Intervenors.  With him on brief was Alexandra H. Salzman, deKieffer & Horgan, PLLC, of Washington, D.C.

   Choe-Groves, Judge:  This case involves the judicial review of the final results in the first administrative review of the antidumping duty order on certain crystalline silicon photovoltaic products ("solar panels") from Taiwan.  Upon the request of an interested party and upon a proper showing, the court may enjoin the liquidation of entries covered by an antidumping duty order of the United States Department of Commerce ("Commerce") pursuant to 19 U.S.C. § 1516a(c)(2).  Entries of merchandise covered by a published determination of Commerce that are enjoined in accordance with § 1516a(c)(2) "shall be liquidated in accordance with the final court decision in the action."  19 U.S.C. § 1516a(e)(2) (2012).

   Defendant-Intervenors Kyocera Solar, Inc. and Kyocera Mexicana S.A. de C.V. (collectively "Kyocera" or "Defendant-Intervenors") filed a Motion to Modify Preliminary Injunction, Oct. 31, 2017, ECF No. 37 ("Motion to Modify Statutory Injunction"),[1] requesting that the court modify its September 5, 2017 statutory injunction that enjoins, during the pendency of this litigation, the liquidation of certain entries of solar panels from Taiwan covered by an antidumping duty order.  Kyocera requests that the court exercise its discretion to modify the statutory injunction to allow the liquidation of entries of subject solar panels assembled by Kyocera Mexicana S.A. de C.V. in Mexico and exported to the United States.  Id. at 1.  Plaintiff SolarWorld Americas, Inc. ("SolarWorld") opposes Kyocera's Motion to Modify the Statutory Injunction.  See Opp'n Def.-Intervenor's Mot. Modify Prelim. Inj., Nov. 20, 2017, ECF No. 41 ("SolarWorld's Opp'n").  The issue presented is whether the court should exercise its discretion

---

[1] This court will refer to a preliminary injunction under 19 U.S.C. § 1516a(c)(2) as a statutory injunction.

to modify the statutory injunction to allow liquidation of Kyocera's entries of solar panels prior to a final decision on the merits.  For the foregoing reasons, the court denies the Motion to Modify the Statutory Injunction.

## BACKGROUND

On December 23, 2014, Commerce issued its final antidumping determination that certain solar panel products from Taiwan were being sold, or were likely to be sold, in the United States at less than fair value.  See Certain Crystalline Silicon Photovoltaic Products from Taiwan, 79 Fed. Reg. 76,966 (Dep't Commerce Dec. 23, 2014) (final determination of sales at less than fair value).  Kyocera was assigned an all-others weighted-average dumping margin of 19.50 percent.  Id. at 76,969.  Commerce conducted an administrative review and issued its final results of the administrative review on July 7, 2017, assigning a final weighted-average dumping margin of 4.10 percent to Kyocera.  See Certain Crystalline Silicon Photovoltaic Products from Taiwan, 82 Fed. Reg. 31,555, 31,556 (Dep't Commerce July 7, 2017) (final results of administrative antidumping duty review for 2014–2016) ("July 7, 2017 Final Order").

Plaintiff SolarWorld appealed the final results of Commerce's administrative review in this court.  On September 1, 2017, Plaintiff SolarWorld filed a consent motion requesting that the court issue a statutory injunction order to enjoin liquidation of certain entries until the final resolution of this action, including entries that: (1) were covered by the July 7, 2017 Final Order; (2) were entered, or were withdrawn from warehouse for consumption, on or after July 31, 2014, through and including January 31, 2016; and (3) were produced and/or exported by any of the following exporters: Sino-American Silicon Products Inc./Solartech Energy Corp., Motech Industries, Inc., AU Optronics Corporation, EEPV CORP, E-TON Solar Tech. Co., Ltd., Gintech Energy Corporation, Inventec Energy Corporation, Inventec Solar Energy Corporation, Kyocera

Mexicana S.A. de C.V., Sunengine Corporation Ltd., TSEC Corporation, and Win Win Precision Technology Co., Ltd.  See Consent Mot. Prelim. Inj. 1–2, Sept. 1, 2017, ECF No. 13.

The court held a conference call with the parties on September 5, 2017 and issued a statutory injunction order the same day.  See Teleconference, Sept. 5, 2017, ECF No. 16; Order, Sept. 5, 2017, ECF No. 17 ("Inj. Order").  The court's September 5, 2017 statutory injunction order directed that:

> [D]efendant United States, together with its delegates, officers, agents, and employees of the International Trade Administration of the United States Department of Commerce and the United States Department of Homeland Security, and United States Customs and Border Protection, shall be, and hereby are ENJOINED immediately upon the entry of this Order and pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from causing or permitting liquidation of unliquidated entries of certain crystalline silicon photovoltaic products from Taiwan….

Inj. Order at 2.  Kyocera filed a Consent Motion to Intervene as Plaintiff-Intervenor and Defendant-Intervenor on October 2, 2017.  See Consent Mot. Intervention, Oct. 2, 2017, ECF No. 28.  This court granted the request on October 3, 2017.  See Order, Oct. 3, 2017, ECF No. 33.

On October 31, 2017, Kyocera filed its Motion to Modify Statutory Injunction requesting modification of the court's September 5, 2017 statutory injunction.  See Mot. Modify Prelim. Inj. Kyocera requests that the court modify the statutory injunction to allow the liquidation of entries of solar panels imported by Kyocera.  Id. at 1.  Kyocera argues that modification of the statutory injunction is warranted because: (1) the liquidation of entries of Kyocera's solar panels will not cause irreparable harm to SolarWorld; (2) there has been no showing that SolarWorld is likely to prevail on its claims in a manner that would impact the assessment of duties on Kyocera's entries; (3) the court's initial decision granting the injunction did not consider the hardship on Kyocera in its balance of hardships analysis; and (4) the public interest does not favor granting

extraordinary relief in the form of a preliminary injunction delaying implementation of an administrative determination in the absence of either a strong showing of a likelihood of irreparable harm or a strong showing that the requesting party is likely to prevail on the merits of its claims. Id. at 1–2.

Plaintiff SolarWorld opposes Kyocera's Motion to Modify the Statutory Injunction. SolarWorld argues that modification of the statutory injunction is not justified because Kyocera "has offered no meaningful reasons for the Court to reverse its decision with respect to Kyocera's entries." SolarWorld's Opp'n at 3. SolarWorld contends that "the criteria for granting injunctive relief remain satisfied in this case, and as such, the Court should deny Defendant-Intervenor's motion." Id. According to Kyocera, Defendant United States opposes the Motion to Modify the Statutory Injunction, maintaining "that Kyocera's entries are covered by the underlying antidumping duty order and are properly included within the scope of the lawful injunction requested by SolarWorld, consented to by the Government, and issued by the Court." Mot. Modify Prelim. Inj. at 5. Kyocera indicated that "Counsel for Sino-American Silicon Products Inc., et al., states that, 'without additional information regarding the scope of Kyocera's entries that would be subject to Kyocera's requested exclusion from the injunction including, but not limited to, the identity of the Taiwanese producers and/or exporters of the crystalline silicon photovoltaic cells, we are unable at this time to develop a position regarding Kyocera's motion.'" Id.

## DISCUSSION

*A. Statutory Injunction*

The relevant statutory language provides that:

> If the cause of action is sustained in whole or in part by a decision of the United States Court of International Trade or of the United States Court of Appeals for the Federal Circuit--
>
> …
>
> > (2) entries, the liquidation of which was enjoined under subsection (c)(2) of this section, shall be liquidated in accordance with the final court decision in the action.

19 U.S.C. § 1516a(e)(2) (2012).  This court has recognized that modification of a statutory injunction is not justified prior to a final court decision that includes all appeals and remands. See Aimcor v. United States, 23 CIT 932, 937, 83 F. Supp. 2d 1293, 1297 (1999) ("The statutory language is clear, it is undisputed that there has been no final decision in this case, and therefore, under the terms of the statute, liquidations remain enjoined until a final decision.").

In addition, the court's September 5, 2017 statutory injunction order directed that the United States and relevant agencies "shall be, and hereby are, ENJOINED immediately upon the entry of this Order and pending a final and conclusive court decision in this litigation, including all appeals and remand proceedings, from causing or permitting liquidation of unliquidated entries of certain crystalline silicon photovoltaic products from Taiwan…."  Order at 2.

Under the statute and the express terms of the statutory injunction order, liquidation of subject entries shall be enjoined until resolution of the final and conclusive court decision in this litigation, including all appeals and remand proceedings.  The pending litigation in this court is in the early stages of the proceedings, and no final and conclusive court decision has yet been rendered.  After this court issues its dispositive decision, the parties will have an opportunity to appeal the court's decision that may lead to a final and conclusive court decision.  It is well settled that "19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation."  Qingdao Taifa Group Co. v. United States, 581 F.3d

1375, 1382 (Fed. Cir. 2009); see also Ad Hoc Shrimp Trade Action Comm. v. United States, 34 CIT 1275, 1277, 724 F. Supp. 2d 1373, 1380 (2010).

For the foregoing reasons, the court concludes that it is premature to modify the statutory injunction order to allow liquidation of Kyocera's entries before a final and conclusive court decision in this litigation. Modification of the statutory injunction is denied.

B. *Changed Circumstances*

An examination of the "changed circumstances" test establishes an additional basis to deny Kyocera's request for a modification of the statutory injunction. This court has the authority to modify a statutory injunction when it finds that there is a sufficient change of circumstances. Aimcor, 23 CIT at 938, 83 F. Supp. 2d at 1299 (citing Sys. Fed'n No. 91 v. Wright, 364 U.S. 642, 647 (1961)). In order to obtain a modification of a statutory injunction, "Defendant-Intervenor must establish a change in circumstances of the parties from the time the injunction was issued that would make the modification necessary. Additionally, the party seeking to modify a [statutory] injunction bears the burden of establishing a change in circumstances that would make continuation of the original [statutory] injunction inequitable." Ad Hoc Shrimp Trade Action Comm. v. United States, 32 CIT 666, 670, 562 F. Supp. 2d 1383, 1388 (2008) (citing SNR Roulements v. United States, 31 CIT 1762, 1764, 521 F. Supp. 2d 1395, 1398 (2007)); see also Aimcor, 23 CIT at 938, 83 F. Supp. 2d at 1299 ("[A] party moving for modification bears the burden of showing that changed circumstances, legal or factual, make the continuation of the injunction inequitable.").

Kyocera's Motion to Modify Statutory Injunction fails to mention the applicable changed circumstances test. Kyocera does not set forth any facts or legal arguments to show a change in circumstances that would make continuation of the original statutory injunction inequitable.

Because Kyocera, as the movant, did not make a sufficient showing under the applicable legal standard of changed circumstances, the court denies the Motion to Modify Statutory Injunction.

C. *Defendant-Intervenor's Arguments*

Kyocera fails to address the applicable changed circumstances test in its motion, and instead argues that the court's September 5, 2017 statutory injunction order should not have been granted. Kyocera urges the court to reexamine the four-part statutory injunction test, which requires a party to show that: (1) it will be immediately and irreparably injured; (2) there is a likelihood of success on the merits; (3) the public interest would be better served by the relief requested; and (4) the balance of hardships on all the parties favors the petitioner. Zenith Radio Corp. v. United States, 710 F.2d 806, 809 (Fed. Cir. 1983).

Kyocera argues in its motion that the statutory injunction is improper because: (1) the liquidation of entries of Kyocera's solar panels will not cause irreparable harm to SolarWorld; (2) there has been no showing that SolarWorld is likely to prevail on its claims in a manner that would impact the assessment of duties on Kyocera's entries; (3) the court's initial decision granting the injunction did not consider the hardship on Kyocera in its balance of hardships analysis; and (4) the public interest does not favor granting extraordinary relief in the form of a preliminary injunction delaying implementation of an administrative determination in the absence of either a strong showing of a likelihood of irreparable harm or a strong showing that the requesting party is likely to prevail on the merits of its claims. Mot. Modify Prelim. Inj. at 1–2.

Kyocera fails to convince the court that it should reexamine the four-part statutory injunction test or that it should partially dissolve the statutory injunction to allow the liquidation of Kyocera's entries of solar panels prior to final resolution of the litigation. To the contrary,

"dissolution of the preliminary injunction may eviscerate the remedial effects conferred" by the antidumping duty statute and "the potential for a dissolution prior to a final decision to cause irreparable harm to plaintiffs is obvious." Aimcor, 23 CIT at 939, 83 F. Supp. 2d at 1299. It is clear that § 1516a(c)(2) contemplates that the statutory injunction should preserve the status quo pending the final and conclusive disposition of the litigation. "Liquidation of a party's entries is the final computation or ascertainment of duties accruing on those entries. Once liquidation occurs, it permanently deprives a party of the opportunity to contest Commerce's results for the administrative review by rendering the party's cause of action moot." SFK USA Inc. v. United States, 28 CIT 170, 173, 316 F. Supp. 2d 1322, 1327 (2004) (citations omitted). As noted earlier, the court has explained that, "19 U.S.C. § 1516a(c)(2) envisions the use of preliminary injunctions in the antidumping context to preserve proper legal options and to allow for a full and fair review of duty determinations before liquidation." Ad Hoc Shrimp Trade Action Committee v. United States, 34 CIT 1275, at 1277, 724 F. Supp. 2d 1373, at 1376 (2010) (quoting Qingdao Taifa, 581 F.3d at 1382).

Similarly, in order to preserve proper legal options and to allow for a full and fair review of Commerce's antidumping duty determinations, the court will continue to enjoin the liquidation of subject entries under the September 5, 2017 statutory injunction pending the final and conclusive court decision in this litigation.

## CONCLUSION

Upon consideration of the motion and all other papers and proceedings herein, it is hereby

**ORDERED** that Defendant-Intervenor's motion is denied.

                                               /s/ Jennifer Choe-Groves
                                               Jennifer Choe-Groves, Judge

Dated: December 21, 2017
         New York, New York